**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ DEL CARMEN FLORES-RAMIREZ, | No.  14-72778 |
| Petitioner, | Agency No. A087-589-139 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Luz Del Carmen Flores-Ramirez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Flores-Ramirez's testimony and documentary evidence regarding her brother's whereabouts and the circumstances surrounding her cousin's rape. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Flores-Ramirez's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Flores-Ramirez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Flores-Ramirez's CAT claim also fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel a finding that it is more likely than not she would be tortured if returned to El Salvador. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

14-72778